UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANTIAGO ANTONIO ELIAS CRUZ,

Petitioner,

v.

KRISTI NOEM, Secretary of United States
Department of Homeland Security *et al.*,

Respondents.

CAUSE NO. 3:26cv271 DRL-SJF

ORDER TO SHOW CAUSE

Immigration detainee Santiago Antonio Elias Cruz, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. Mr. Elias Cruz alleges he is a citizen of El Salvador who entered the United States without inspection in 2015. He says he was arrested by agents of United States Immigration and Customs Enforcement (ICE) in August 2025 while working at a construction site in Mishawaka, Indiana, and is currently being detained at Miami Correctional Facility pending the outcome of removal proceedings. He sought asylum, which was denied, and his appeal is currently pending before the Board of Immigration Appeals (BIA).

Mr. Elias Cruz argues that the government will not release him on bond because it has wrongfully concluded that his detention is authorized by 8 U.S.C. § 1225(b)(2).[1] He argues that 8 U.S.C. § 1225(b)(2) applies to people arriving at ports of entry, whereas he was

---

[1] It does not appear he filed a motion for a custody redetermination by an immigration judge; he believes such action would be "futile" in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

arrested within the interior of the country. He seeks an order requiring that he be immediately released from custody or provided with a custody redetermination hearing within seven days.

The court has subject matter jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention, but that jurisdiction does not extend to reviewing orders of removal issued by an immigration court or discretionary decisions of the Attorney General. *See Demore v. Kim*, 538 U.S. 510, 517 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Here, Mr. Elias Cruz alleges that his detention violates applicable statutes and Fifth Amendment due process. The court has jurisdiction to consider these issues.

Some issues regarding detention under the Immigration and Nationality Act have already been thoroughly examined here and in many other courts across the country. Specifically, the court joined a large majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. *See De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026; *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.).

Notably, the court of appeals not long ago found in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early

echoes of what this court has done. Other opinions illustrates just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

To the extent respondents would raise the same arguments about subject matter jurisdiction and the applicability of § 1225(b)(2) already discussed in *Mejia Diaz*, *Aguilar*, and *Singh*, there is no need to rehash these same arguments. The parties may preserve them. The court will deem such arguments preserved for review without need to repeat them in full in briefing and deem them likewise addressed by the court's previous orders, unless there is cause to address something new. The parties need only brief what is different or new, not what has been decided, and those issues particular to this petitioner.

Finally, Mr. Elias Cruz includes respondents who are not his "immediate custodian" and who do not exercise "day-to-day control" over Miami Correctional Facility, where he is being held. *Kholyavskiy v. Achim*, 443 F.3d 946, 953 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals there concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. Therefore, he will be ordered to show cause why all respondents other than the Warden of Miami Correctional Facility should not be immediately dismissed from this proceeding. Though the court will ensure notice to these parties, the court anticipates that, given normal protocols, the United States Attorney for the Northern District of Indiana will respond on behalf of the federal government and the custodial warden.

For these reasons, the court:

(1) DIRECTS the clerk to serve a copy of this order and the petition (ECF 1) by certified mail, return receipt requested, to (a) the Civil-Process Clerk for the United States Attorney for the Northern District of Indiana; (b) the Attorney General of the United States; (c) the Director of the Chicago Immigration and Customs Enforcement Field Office at the Office of the Principal Legal Advisor; (d) the Acting Director of the United States Immigration and Customs Enforcement at the Office of the Principal Legal Advisor; (e) the Secretary of the Department of Homeland Security, at the Office of General Counsel; and (f) the Warden of Miami Correctional Facility at the Indiana Department of Correction;

(2) DIRECTS the clerk to email a copy of this order and the petition (ECF 1) to (a) the Indiana Department of Correction; (b) the Warden of Miami Correctional Facility at Miami Correctional Facility, and (c) the United States Attorney for the Northern District of Indiana;

(3) ORDERS the Indiana Department of Correction, the Warden, and the United States Attorney to acknowledge receipt of the petition to the clerk and DIRECTS the clerk to make a notation on the docket upon receiving confirmation of receipt of those deliveries; and

(4) ORDERS the respondents to file an answer to the petition by **March 11, 2026**, addressing petitioner's arguments that he is being illegally detained; and

(5) GRANTS the petitioner until **March 18, 2026**, to file a reply in support of his petition, and to show cause why all respondents other than his immediate custodian should not be dismissed from the case.

4

SO ORDERED.

March 3, 2026                                    s/ Damon R. Leichty
                                                Judge, United States District Court