UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SANTIAGO ANTONIO ELIAS CRUZ,

Petitioner,

v.                                                    CAUSE NO. 3:26cv271 DRL-SJF

MARKWAYNE MULLIN *et al.*,

Respondents.

OPINION AND ORDER

Immigration detainee Santiago Antonio Elias Cruz, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.[1]

The parties agree that Mr. Elias Cruz is a citizen of El Salvador who entered the United States without inspection. He claims he has been living and working in Indiana since 2015. In August 2025, he was taken into custody by United States Immigration and Customs Enforcement (ICE) agents pursuant to an administrative warrant in a targeted operation after he was identified as a potential member of the MS-13 gang. Immigration records reflect that he has active warrants in El Salvador for alleged terrorist activity and aggravated homicide. After his arrest, he was transferred to Miami Correctional Facility, where he remains pending the outcome of his removal proceedings. He argues that he has been

---

[1] Secretary of the United States Department of Homeland Security Markwayne Mullin is automatically substituted for former Secretary of the United States Department of Homeland Security Kristi Noem, and Acting United States Attorney General Todd Blanche is automatically substituted for former United States Attorney General Pamela Bondi, albeit soon dismissed. Fed. R. Civ. P. 25(d).

unlawfully denied an opportunity for release on bond because the government has categorized him as ineligible for bond under 8 U.S.C. § 1225(b)(2). He seeks immediate release or, alternatively, a custody redetermination hearing before an immigration judge.

In an order to show cause, the court directed the respondents to answer the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), which joined a large majority of other courts in concluding that § 1225(b)(2) does not apply to noncitizens when they are not "seeking admission" within the statute's meaning. *See also Singh v. English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."). The respondent—really just his current custodian by law because the others are named unnecessarily—was instructed to address why this case differs from *Aguilar*, why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently. That response has been filed, as has Mr. Elias Cruz's reply.

As a preliminary matter, Mr. Elias Cruz was ordered to show cause why every respondent but the Miami Correctional Facility Warden, the only respondent who exercises "day-to-day control" over him, should not be dismissed under *Kholyavskiy v. Achim*, 443 F.3d 946, 952 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the

2

petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021).

Mr. Elias Cruz argues that all the respondents are properly named and should remain as parties. He argues that *Kholyavskiy* does not preclude him from naming additional respondents and instead only holds that he must include his current custodian as a respondent, which he has done. The court disagrees. *Kholyavskiy* and other cases from this circuit make clear that it is improper to name an immigration official as a respondent in a habeas case challenging immigration-related detention. Doing so "conflate[s] the person responsible for authorizing custody with the person responsible for maintaining custody," but "[o]nly the latter is a proper respondent." *al-Marri v. Rumsfeld*, 360 F.3d 707, 708 (7th Cir. 2004) ("[T]he President as a respondent was not only unavailing but also improper, and we have removed his name from the caption. . . . True, the President authorized al-Marri's custody by designating him as an enemy combatant, but there is a difference between authorizing and exercising custody."); *Robledo-Gonzales v. Ashcroft*, 342 F.3d 667, 673 (7th Cir. 2003) ("[I]t is not sufficient that the named respondent simply be involved, in some manner, with the petitioner's detention. Sections 2242 and 2243 indicate that the custodian is the person having a day-to-day control over the prisoner.") (quotations omitted). Under these cases, the Warden is the only proper respondent.

Mr. Elias Cruz argues that the other respondents are necessary to afford him complete relief, because he is challenging his current confinement as well as "a confinement that could be imposed in the future." However, it is entirely speculative today whether Mr.

3

Elias Cruz might be released or re-detained at some point in the future, and he is not being granted relief related to this contingency. This is unlike the situation outlined in *Rumsfeld*, where an Alabama prisoner filed a habeas petition in the Western District of Kentucky challenging a detainer lodged against him in Kentucky state court. *Rumsfeld*, 542 U.S. at 438 (citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484 (1973)). In such a circumstance, "the proper respondent was not the prisoner's immediate physical custodian (the Alabama warden), but was instead the Kentucky court in which the detainer was lodged." *Rumsfeld*, 542 U.S. at 438. That is not what is occurring here. When a petitioner "attacks the constitutionality of his confinement while he [is] awaiting removal," as Mr. Elias Cruz is, the immediate-custodian rule applies. *Kholyavskiy*, 443 F.3d at 952. The additional respondents will be dismissed. For the sake of clarity, the court refers to the responding party as "the Warden" from this point forward.

The Warden (through his federal counsel) repeats his arguments from *Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Elias Cruz's detention is authorized by § 1225(b)(2). These arguments were rejected in *Aguliar* and *Singh* (and other decisions). *See Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the

mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decisions from the Fifth Circuit and Eighth Circuit. These opinions, together with others, illustrate just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

The question remains whether there is anything unique here that would warrant a different conclusion than that reached in both *Aguilar* and *Singh*. The court can find no such reason. Whether Mr. Elias Cruz is an "applicant for admission" within the meaning of § 1225(b)(2), he cannot be said to be "seeking admission" for the same reasons the court articulated in both *Aguilar* and *Singh*.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).

Immigration officials issued a warrant for Mr. Elias Cruz's arrest [1-2]. By statute, a noncitizen detained pursuant to a warrant may be released by the Attorney General (subject

to certain statutory limitations that no one argues apply here), or he may be detained pending a decision on whether he will be removed from the United States. *See* 8 U.S.C. §§ 1226(a), (c). Our high court likewise has recognized the permissive nature of this language. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526-27 (2021); *Jennings*, 583 U.S. at 306.

The Attorney General has delegated her discretion by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 9.3(d). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Both noncitizens and the government alike must comply with our immigration laws, as they are written and as they must work within the demands of constitutional due process. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991). Mr. Elias Cruz gives no reason to believe this process is insufficient, so the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion to a Special Prosecutor] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

The court has the same expectation of compliance for the petitioner—follow the rules. Mr. Elias Cruz acknowledges that he did not seek a custody redetermination before an immigration judge before filing his petition. When "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be done. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). A court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy and administrative comity. *Id.* at 1017. A petitioner "with a statutory argument that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court," *id.* at 1018, though "individual

interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue," *id.* at 1016.

Perhaps Mr. Elias Cruz thought it futile, because an immigration judge might follow *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), but thus far in this circuit that guidance has been found erroneous such that, as the days pass, that futility seems harder to presume. At the same time, maybe only a circuit decision will make it so. The Warden argues that "it is not certain" how an immigration judge would handle a custody redetermination motion filed by Mr. Elias Cruz; but, based on the early stages of now many § 2241 petitions and an unbroken record of denials of custody redeterminations (even when noncitizens have been arrested pursuant to a warrant like he was) because immigration officials believe they must be classified under § 1225(b)(2), the court finds there was no reasonable prospect of success, absent a determination by the court that he must be classified under § 1226(a), not § 1225(b)(2).

Recent proceedings in a case out of California suggest that *Hurtado* remains a barrier to relief for petitioners like Mr. Elias Cruz. In February 2026, a judge in the Central District of California issued an order vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, *In re Lazaro Maldonado Bautista*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed; and, at the government's request, the Ninth Circuit recently stayed the court's class certification order and final judgment "insofar as they extend beyond the Central District of California," and stayed the court's post-judgment

8

order vacating *Hurtado* in its entirety. *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 31, 2026). The district judge's decision vacating *Hurtado* is thus unlikely to change the outcome of a custody redetermination motion filed by an individual like Mr. Elias Cruz, who is outside of California. These recent proceedings also indicate that the government remains committed to its interpretation of § 1225(b)(2) notwithstanding the prior rulings of this court and others.

This doesn't affect the court's jurisdiction, but it does affect Mr. Elias Cruz's relief. The appropriate remedy is to put the ball in his court to file a motion for custody redetermination in his pending removal proceedings, with the benefit of a finding from the court that he is not categorically ineligible for bond under 8 U.S.C. § 1225(b)(2). Meanwhile, the court must deny immediate release because Mr. Elias Cruz has not met his burden of showing his current detention unlawful under § 1226.

For these reasons, the court:

(1) DIRECTS the clerk to update the docket to reflect that Acting United States Attorney General Todd Blanche is substituted for former United States Attorney General Pamela Bondi and Secretary of the United States Department of Homeland Security Markwayne Mullin is substituted for former Secretary of the United States Department of Homeland Security Kristi Noem pursuant to Federal Rule of Civil Procedure 25(d);

(2) DISMISSES Acting United States Attorney General Todd Blanche, Secretary of the United States Department of Homeland Security Markwayne Mullin, Acting Director of United States Immigration and Customs Enforcement Todd Lyons, and Interim Director of

9

United States Immigration and Customs Enforcement Chicago Field Office Samuel Olson as respondents;

(2) DENIES the petition [ECF 1], except to FIND that Santiago Antonio Elias Cruz must be classified under 8 U.S.C. § 1226(a), including for purposes of any custody redetermination; and

(3) DIRECTS the clerk to enter final judgment and to close this case.

SO ORDERED.

April 10, 2026                                              *s/ Damon R. Leichty*
                                                           Judge, United States District Court